**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 24 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

        v.

ADALBERTO MIRAMONTES-
HARO,

        Defendant - Appellant.

No. 03-1439

(D.C. No. 02-CR-498-B)

(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **BRISCOE** and **HARTZ** , Circuit Judges.

---

Defendant Adalberto Miramontes-Haro pleaded guilty to an indictment

charging him with illegally reentering the United States after deportation for an

aggravated felony, in violation of 8 U.S.C. § 1326 (a) and (b)(2). Applying the

United States Sentencing Commission Guidelines Manual, the district court

---

*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

ultimately determined Defendant's applicable sentencing range to be between 57 and 71 months in prison. He now appeals. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court advised Defendant of his rights and the consequences of his guilty plea. Defendant stated that his plea was given freely and voluntarily.

As for sentencing, Defendant's indictment and presentence report listed his previous conviction for the aggravated felony of second-degree sexual assault on October 11, 1994. Applying § 2L1.2 of the Sentencing Guidelines, the district court found that Defendant had a base offense level of 8 for unlawfully reentering the United States, which was boosted by 16 levels due to his previous conviction for a crime of violence. See U.S.S.G. § 2L1.2(b)(1)(A)(ii); see also id. cmt. n.1(B)(iii) (defining "crime of violence" as including "forcible sex offenses"). This resulted in an offense level of 24, which the district court reduced by 3 levels to 21, because Defendant accepted responsibility for his offense and otherwise satisfied the requirements of U.S.S.G. § 3E1.1.

The presentence report assessed 9 criminal history points against Defendant under U.S.S.G. § 4A1.1, placing him in sentencing category IV. The presentence report included 3 points for Defendant's sexual-assault conviction under § 4A1.1(a); 2 points for a criminal-impersonation conviction on May 23, 2002, under § 4A1.1(b); and 4 points for prior sentences of imprisonment of less than

60 days, under § 4A1.1(c). Defendant's offense level of 21 and his criminal history category of IV combined to yield a sentencing range between 57 and 71 months. See U.S.S.G. ch. 5, pt. A. The district court sentenced Defendant at the bottom of this range, to 57 months in prison.

Defendant directed his defense counsel to file a notice of appeal, and counsel timely complied. Defense counsel has filed an Anders brief indicating his belief that the case affords no nonfrivolous issues for appeal. See Anders v. California, 386 U.S. 738, 744 (1967). Although Anders entitles the defendant to raise additional points in response to counsel's Anders brief, Defendant has made no such filing.

Agreeing with counsel that Defendant has no nonfrivolous arguments, we GRANT counsel's request to withdraw and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge